UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JOHN KLINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-CV-180 |
| | ) | *Lee* |
| HOBBY LOBBY STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the joint motion of Plaintiff John Kline ("Plaintiff") and Defendant Hobby Lobby Stores, Inc. ("Defendant") to approve a settlement of Plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. §§201-219 [Doc. 13]. A hearing on the joint motion was held on July 7, 2011, during which Plaintiff was represented by attorney Alan G. Crone and Defendant was represented by attorney Marc H. Harwell. For the reasons that follow, the settlement will be approved and the motion [Doc. 13] will be **GRANTED**.

When an employee's rights under the FLSA are violated, the statute provides for back pay in the amount of unpaid minimum wages and overtime compensation plus an equal amount as liquidated damages. *See* 29 U.S.C. § 216(b). Because Congress perceived an imbalance of bargaining power between employers and wage-hour employees, *see Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 708 (1945), these remedies are mandatory and not subject to bargaining, waiver, or modification by contract or settlement except in two narrow circumstances. *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Under the first of those circumstances, not at issue here, an employee may waive her right to bring suit when the Secretary of Labor supervises the employer's repayment of unpaid wages and overtime compensation. *See*

29 U.S.C. § 216(c). Under the second circumstance, an employee who has filed a lawsuit asserting FLSA claims against her employer may settle her case subject to judicial approval of the settlement with respect to the FLSA claims.[1] *See D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (distinguishing out-of-court compromises from stipulated judgments because "the simple device of filing suits" provides the additional safeguards of "pleading the issues and submitting the judgment to judicial scrutiny"); *Lynn's Food Stores*, 679 F.2d at 1354. To approve such a settlement, the court must conclude that it fairly and reasonably resolves a bona fide dispute over FLSA provisions and that the lawsuit has in fact provided the adversarial context to protect the employee's interests from employer overreaching. *Lynn's Food Stores*, 679 F.2d at 1354-55.

In this case, there are bona fide disputes, including a dispute about whether Plaintiff was an exempt employee under the FLSA and, if not, how to calculate the back pay he would be owed.[2] The negotiations that resulted in a settlement were held at arms' length with all parties being represented by experienced and reputable counsel, ensuring that the employee's interests were adequately protected from employer overreaching. After the hearing and careful review of the settlement agreement [Doc. 13-1], the Court concludes the settlement fairly and reasonably compromises the parties' disputes. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

---

[1] Although this case was stayed pending arbitration, the Court retains the authority to review the settlement for fairness. *Guzman v. Goldman and Assocs., LLC*, 2011 WL 2516936, *2 (N.D. Cal. 2011); *Walker v. U.S. Title Loans, Inc.*, 2011 WL 1789976 (M.D. Ala. 2011). *See also Powell v. Carey Intern., Inc.*, 558 F. Supp. 2d 1265, 1268 (S.D. Fla. 2008) (retaining jurisdiction over any settlement reached prior to arbitral panel's decision); *Slawienski v. Nephron Pharm. Corp.*, 2010 WL 5186622 (N.D. Ga. 2010) (staying a case pending arbitration rather than dismissing it because the court would need to scrutinize any settlement for fairness.).

[2] The settlement agreement also contains a release of any age discrimination claims, but because Plaintiff alleged no such claims, the Court will not address them here.

1. The settlement agreement with respect to Plaintiff's FLSA claims is **APPROVED** as a fair and reasonable compromise of bona fide issues of law and fact;

2. The joint motion for approval of settlement [Doc. 13] is **GRANTED**; and

3. It is **ORDERED** that the parties shall submit a stipulation of dismissal with prejudice within **21 days** of the entry of this order.

SO ORDERED.

ENTER:

                        s/*Susan K. Lee*
                        SUSAN K. LEE
                        UNITED STATES MAGISTRATE JUDGE